UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY A. RICE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:20 CV 1004 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

In 2010, movant Terry A. Rice pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and I sentenced him to 33 months' imprisonment. Nine years later, he filed a Petition for Writ of Error Coram Nobis "pursuant to 28 U.S.C. § 2255," arguing that his sentence was unlawful under *Rehaif v. United States*, 139 S.Ct. 2191 (2019). I construed Rice's petition as a Motion to Vacate, Set Aside, or Correct his sentence under § 2255, and ordered the Government to show cause why Rice's motion should not be granted. On November 2, 2020, the Government argued that Rice's motion failed because Rice (1) was released from custody for his conviction in September 2015, (2) filed his motion more than one year after *Rehaif* was decided by the Supreme Court, and (3) procedurally defaulted his claim by "fail[ing] to preserve a knowledge-of-status objection . . . in his direct proceedings or on appeal." *Ramsey v. United States*, No.

4:19CV2643 SNLJ, 2020 WL 5230891, at *10 (E.D. Mo. Sept. 2, 2020).  Without addressing the substance of the Government's response, in August 2021, Rice moved for leave to amend his petition for writ of error coram nobis so that his motion reflected his more recent criminal conviction, *United States v. Rice*, No. 4:19-CR-048 RLW.[1]  One year later, Rice moved for a hearing on his § 2255 motion.  I will deny all Rice's motions.

Rice's motion to vacate, set aside, or correct his sentence fails for the reasons set out by the Government in its response to my show cause order.  First, Rice is no longer in custody for his 2010 § 922(g) conviction—he was released in September 2015.  As the Government notes, "[s]ection 2255, like habeas corpus, is limited to persons . . . in custody for the applicable conviction." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018).  Thus, Rice cannot seek relief from this conviction under § 2255(a).  To the extent that Rice seeks a writ of error *coram nobis*, which is "available when the defendant is no longer in custody for the applicable conviction," *Id.*, he fails to identify any "circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954).

---

[1] In that case, Rice pleaded guilty to one count of Felon in Possession of a Firearm and one count of Possession With the Intent to Distribute Cocaine and was sentenced to 63 months imprisonment.  (4:19-CR-048 RLW ECF 59.)

Second, Rice's motion is time-barred. Section 2255 motions must be raised within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, the latest plausible date is June 21, 2019, the date the Supreme Court decided in *Rehaif*. But, assuming that *Rehaif* is made retroactive on collateral review, Rice filed his motion on July 19, 2020, more than one year after the Court's decision.

Third, Rice has procedurally defaulted his claim. Generally, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). There are two exceptions to this rule. "In order to obtain collateral review on a procedurally defaulted claim, a habeas petitioner must show either that there was cause for his procedural default and actual prejudice, or that he is actually innocent of the crime for which he was convicted." *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012). Because Rice failed to preserve his knowledge-of-status objection in this Court or on a direct appeal, he has defaulted

his claim.  And Rice has not attempted to show cause and actual prejudice to excuse the procedural default.

I will also deny Rice's Motion to Amend.  As an initial matter, this motion is generally unclear and contradictory.  Rice notes that, in his previous motion, he "stated the facts for relief, however omitted the case number for which he seeks relief." (ECF 8).  He argues the Court should grant him leave "in order to clarify the arguments and the request for relief," and so the amended petition "would reflect the case number of the case in which relief is sought." (*Id.*)  But Rice clearly challenges his 2010 § 922(g) conviction in his § 2255 motion.  He states: "Defendant was sentenced on 05/06/10 for violation of Title 18, United States Code, 922 (g) (1), FELON IN POSSESSION OF A FIREARM," and even lists the correct case number.  (ECF 1.)  Moreover, it is unclear from Rice's motion to amend whether he intended to argue that his 2019 sentence must be vacated because the Government failed to prove that he knew he was a felon when he pleaded guilty in 2010, or his 2019 sentence must be vacated because the Government failed to prove that he knew he was a felon when he pleaded guilty in 2019.

Either way, an amendment would be futile.  In addition to the reasons stated above, section 2255 relief is limited to persons in custody for the applicable conviction—he cannot receive § 2255 relief for his 2019 sentence based on alleged

errors in his 2010 sentence.  Second, Rice agreed that he knew he had been convicted of a crime punishably by imprisonment for more than one year when he pleaded guilty in 2019.  His *Rehaif* arguments are simply inapplicable to that conviction.

Accordingly,

**IT IS HEREBY ORDERED** that Terry A. Rice's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1], his Motion to Amend [8], and his Motion for Hearing [9] are denied.

A separate judgment in accord with this Memorandum and Order is entered this same date.

   *Catherine D. Perry*
   _____
   CATHERINE D. PERRY
   UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2023.